IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

CHRISTOPHER PIERCE,            )
                               )
        Petitioner,            )
                               )
                               )      CIV-06-108-R
v.                             )
                               )
RAY ROBERTS, et al.,           )
                               )
        Respondents.           )

REPORT AND RECOMMENDATION

Petitioner, a Kansas state prisoner appearing *pro se*, has filed this Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. §2254. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B). For the following reasons, it is recommended that the Petition be summarily DISMISSED with prejudice.

The Petition has been preliminarily reviewed pursuant to Rule 4, Rules Governing Section 2254 Cases in the United States District Courts. Upon preliminary review, it is apparent from the face of the Petition that this Court lacks jurisdiction over the matter.

According to the Petition, Petitioner is currently incarcerated in a Kansas prison facility serving a sentence of "15 yrs. to life" entered in the State of Kansas. The Petitioner purports to challenge a conviction entered July 28, 1993, in the Wyandotte County District Court, in Kansas City, Kansas, Case No. 93-CR-1197-B. The two Respondents named in the

1

Petition are not Oklahoma officials and are the Warden of the Kansas prison facility where Petitioner is incarcerated and the Attorney General for the State of Kansas. Petitioner's only ground for relief is a vaguely worded claim of "innocence." Although the claim is not entirely clear, it appears that Petitioner was briefly transferred to Oklahoma where he submitted some document that he purports will show his "innocence" but that he was returned to the custody of the Kansas Department of Corrections before any hearing was conducted with respect to this document.

Petitioner has filed five previous habeas actions in this Court, four of which challenged the same Kansas conviction being challenged herein. In these prior actions, Pierce v. Mullin, Case No. CIV-02-945-F (W.D.Okla. Sept. 6, 2002); Pierce v. Roberts, Case No. CIV-05-670-F (W.D. Okla. Aug. 3, 2005); Pierce v. Roberts, Case No. CIV-05-997-F (W.D. Okla. Oct. 13, 2005); and Pierce v. Roberts, Case No. 05-1334-F (W.D. Okla. Jan. 4, 2006), the Petitions were dismissed for lack of jurisdiction because the Petition was not filed in the proper court. Because of Petitioner's repetitious and abusive filings in the Tenth Circuit Court of Appeals, that court has disallowed the filing of a successive habeas petition challenging the Kansas conviction unless Petitioner pays the full filing fee of $250.00. Pierce v. Stovall, Case No. 01-3113 (10th Cir. June 7, 2001)(unpublished order). See Pierce v. Roberts, Case No. 04-3386 (10th Cir. Oct. 22, 2004)(directing Petitioner to pay $250.00 filing fee or show cause why the cause should not be dismissed); Pierce v. Roberts, Case No. 05-3164 (same); Pierce v. Roberts, Case No. 05-3176 (same).

This Court lacks both venue over the cause of action challenging Petitioner's Kansas

conviction, see 28 U.S.C. §2241 (d), and jurisdiction over the Petitioner's custodian. Petitioner is not in custody within the jurisdictional confines of the Western District of Oklahoma, he is not challenging a conviction or sentence imposed in this district, and he has provided no other basis upon which to assert jurisdiction in this matter. Accordingly, for the same reasons given in the previous habeas actions brought by Petitioner in this Court challenging his Kansas conviction, the Court lacks jurisdiction and should dismiss the action. Although 28 U.S.C. §1406(a) authorizes the Court to exercise its discretion to either dismiss the action or "if it be in the interest of justice" transfer the matter to the appropriate court, in this case transferring this Petition to the District of Kansas would be futile in view of the Tenth Circuit's filing restrictions imposed on Petitioner's repeated attempts to file successive habeas petitions challenging the Kansas conviction. Additionally, given the Petitioner's repeated habeas filings in this Court challenging the same Kansas conviction, the Court should dismiss the instant Petition with prejudice as a sanction for his abuse of the habeas remedy. See Marques v. Abbiott, No. 03-1533, 100 Fed. Appx. 722 (10th Cir. June 4, 2004)(reversing district court's dismissal without prejudice of habeas corpus petition and remanding for dismissal with prejudice in light of petitioner's history of successive/abusive habeas filings and for consideration of additional filing restrictions).

## RECOMMENDATION

Based on the foregoing findings, it is recommended that the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. §2254 be DISMISSED with prejudice. Petitioner is advised of his right to file an objection to this Report and Recommendation with the Clerk

of this Court by ___February 27___, 2006, in accordance with 28 U.S.C. §636 and LCvR 72.1.  The Petitioner is further advised that failure to make timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal issues contained herein.  Moore v. United States of America, 950 F.2d 656 (10th Cir. 1991).

    This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter.

    ENTERED this ___6th___ day of ___February___, 2006.

*[signature]*

GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE